(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| STEPHEN FEENEY, : | |
| : | |
| Plaintiff, : | Civil No. 06-1849 (RBK) |
| : | |
| v. : | **OPINION** |
| : | |
| POLICE OFFICER CHRISTOPHER : | |
| POWELL, et al., : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendants Officer Christopher Powell, Officer Robert R. Rubino, Officer Lemenager, Detective Sergeant Timothy Reed (collectively "Officer Defendants"), City of Brigantine Police Department, and City of Brigantine for summary judgment against Plaintiff Stephen Feeney on his claims brought pursuant to 42 U.S.C. § 1983 and on counterclaims by Officer Powell and Sergeant Reed against Feeney for assault and battery.  Feeney accuses Defendants of using excessive force in effecting his arrest.  For the reasons set forth below, the Court will dismiss Feeney's complaint without prejudice and grant Officer Powell and Sergeant Reed summary judgment on their tort claims against Feeney.

I.      BACKGROUND

On the night of April 27, 2004, Feeney was under the influence of alcohol and was in a car with his brother in the process of taking a line of cocaine when Sergeant Reed approached the car. (Pl.'s Opp'n Ex. 3 ¶ 4.)  Feeney initially complied with Sergeant Reed's request to get out of the car, but when Sergeant Reed attempted to handcuff him, Feeney shoved Sergeant Reed to the ground, and fled. (Id. ¶ 5.)  Sergeant Reed pursued Feeney on foot. (Id.)  Feeney eventually tripped and fell behind a nearby Shop-N-Bag. (Id.)

What happened next is disputed.  Feeney alleges Sergeant Reed jumped on him after he fell. (Id. Ex. 3 ¶ 17.)  He alleges further he made another attempt to run from Sergeant Reed but then saw other officers approaching and decided to give up, laying prone on his stomach. (Id. ¶ 6.)  Feeney claims Officer Defendants struck him repeatedly in the back of the head as he lay on the ground. (Id. ¶ 6.)  He acknowledges he struck out at Officer Powell, but only after Officer Powell had hit him in the head. (Id. ¶ 8.)  During his plea hearing on March 1, 2005 for the criminal charges flowing from these events, Feeney admitted assaulting Sergeant Reed and Officer Powell, as well as resisting Officer Rubino's attempts to arrest him. (Id. Ex. 2.)

Officer Defendants tell a markedly different story of continued resistance by Feeney.  Sergeant Reed testified that he fell on top of Feeney at which point Feeney flipped him and attempted to take his gun. (Defs.' Mot. Summ. J. Ex. 7 at 53.)  Sergeant Reed stated he struggled with Feeney to keep his gun holstered and called for Officer Powell. (Id. at 55.)  Soon after Officer Powell arrived, Feeney allegedly released Sergeant Reed, and he was able to crawl away. (Id. at 59.)

Officer Powell affirms this account, asserting he came upon Feeney straddling Sergeant

2

Reed and attempting to remove his weapon. Officer Powell testified that he began hitting Feeney first in the back and then on the head with his flashlight in an attempt to free Sergeant Reed. (Id. Ex. 8 at 165-67.) Next, Officer Rubino appeared and asked Officer Powell to "stop for a second" so he could administer pepper spray to Feeney's eyes, which Sergeant Rubino then did. (Id. at 171.) According to Officer Powell, none of this subdued Feeney, but merely agitated him. (Id.) At some point, Officer Defendants maintain Feeney turned away from Sergeant Reed and went after Officer Powell. Eventually, with the help of other officers, Feeney was restrained and handcuffed, at which point Officer Powell asserts he applied first aid to Feeney's head. (Id.)

Sergeant Reed and Officer Powell were both admitted to Atlantic City Medical Center to be treated for injuries to their hands. (Id. Ex. 7 at 67; Pl.'s Opp'n Ex. 6.) Feeney was also admitted to Atlantic City Medical Center and kept there for three days while he was treated for three scalp lacerations, a complex laceration to his right ear, and a concussion. (Pl.'s Opp'n Exs. 10, 11.)

Subsequently, Feeney was indicted on two counts of aggravated assault, three counts of resisting arrest, one count of possession of cocaine, and one count of disarming a police officer. (Defs.' Mot. Summ. J. Ex. 16.) On March 1, 2005, he plead guilty to two counts of aggravated assault and one count of resisting arrest. (Id. Ex. 4.) In entering his plea, Feeney waived any claim to self-defense. (Id. at 7.) Feeney was sentenced on May 13, 2005 to five years in prison.

Feeney filed a complaint on April 21, 2006, alleging the actions taken by Officer Defendants under color of state law violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and entitled him to a remedy under 42 U.S.C. § 1983. (Compl. ¶¶ 10-11.) Sergeant Reed and Officer Powell filed counterclaims against Feeney

for assault and battery in connection with the events of April 27, 2004.  Defendants moved for summary judgment against Feeney's § 1983 claims and in favor of Sergeant Reed's and Officer Powell's tort claims on October 19, 2007.  Feeney opposes the motion; however, he concedes he has offered no facts to support liability as to the Brigantine Police Department or the City of Brigantine and consents to their dismissal from this case.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III. DISCUSSION

Defendants assert several grounds for summary judgment. Primarily, Defendants rest on Heck v. Humphrey, 512 U.S. 477 (1994), arguing Feeney's conviction for aggravated assault and resisting arrest bar his § 1983 claim. Alternatively, Defendants argue that based on Feeney's guilty plea, he should be estopped from asserting a claim of excessive force and that Officer Defendants are entitled to qualified immunity. Feeney, on the other hand, contends Heck does not preclude his claim, since he purports not to challenge the validity of his conviction. Rather, he alleges there came a time in the process of his arrest when he surrendered to Officer Defendants and they nevertheless used excessive force against him. For this reason, Feeney argues neither Heck nor estoppel apply to his situation. Moreover, he maintains Defendants cannot seek shelter in qualified immunity, because they violated his clearly established constitutional right to be free from excessive force.

The Court looks first to Heck, in which the Supreme Court barred any suit for damages premised on a civil rights violation if the basis for the suit is inconsistent with or would undermine the lawfulness of a conviction or sentence. The Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or

sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Supreme Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 487 (footnotes omitted).  Here, Feeney does not allege his conviction or sentence has been reversed or called into question.  Accordingly, the Court must compare the elements of Feeney's § 1983 claim with the elements of the crimes to which he pled guilty to determine whether success on the § 1983 claim requires negation of an element of one of the criminal offenses "or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."  Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008).

    A.    **Feeney's Fourth Amendment Claim**[1]

Feeney argues Heck does not bar his excessive force claim because Officer Defendants are liable for striking him repeatedly in the back of the head after he submitted to them.  In an

---

[1] In his Complaint, Feeney also alleges Officer Defendants used excessive force against him in violation of the Eighth and Fourteenth Amendments.  Because Feeney alleges the use of excessive force during the course of his arrest, rather than after he was charged with or convicted of a crime, the Eighth and Fourteenth Amendments do not apply.  James v. York County Police Dep't, 160 F. App'x 126, 131 (3d Cir. 2005).  Therefore, the Court will construe Feeney's claims as pursuant to the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.

affidavit supplied with his Opposition, Feeney avers his assault on Sergeant Reed consisted only of shoving him prior to his initial attempt to flee; his assault on Officer Powell was in response to Officer Powell's blows to the back of Feeney's head; and his resisting arrest by Officer Rubino was due to his disorientation from being beaten.

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999) (quoting Brower v. County of Inyo, 489 U.S. 593, 599 (1989)). To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). Proper application of this objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989). Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. In accordance with Heck, the Court next examines whether either of Feeney's convictions are at odds with his contention that Officer Defendants acted in an objectively unreasonable manner.

      i.     <u>Feeney's Conviction for Aggravated Assault</u>

In New Jersey, the elements of aggravated assault on a law enforcement officer are: (1) the defendant attempted to cause bodily injury to a law enforcement officer acting in performance

of his duties while in uniform or exhibiting evidence of his authority; and (2) the defendant knew that the victim was a law enforcement officer acting in performance of his duties, while in uniform or exhibiting evidence of his authority.  N.J. Stat. Ann. 2C:12-1(b)(5).  To establish the defense of self-defense to this crime, a defendant must show he possessed "an actual, honest belief in the necessity of using force" and that his "belief in the necessity to use force was reasonable."  State v. Rivers, 599 A.2d 558, 561 (N.J. Super. Ct. App. Div. 1991) (citations omitted).  "In the context of fighting back during an arrest, self-defense will only serve as a defense to a charge of assault if the person arrested uses no greater force than that employed by the officer."  Smith v. Mitchell, No. Civ. A. 97-6115, 2000 WL 33256676, at *3 (D.N.J. Nov. 21, 2000) (citing State v. Mulvihill, 270 A.2d 277, 280 (N.J. 1970)).  In other words, to be guilty of assault, the person being arrested must "use[] an amount of force greater than the amount of force used by an officer allegedly using excessive force."  Id.

Feeney's convictions for aggravated assault are fatally at odds with his Fourth Amendment claim.  At his plea hearing, Feeney admits shoving Sergeant Reed to the ground and striking Officer Powell.  Significantly, Feeney also testified as follows:

> Q: Did there come a point in time . . . Sergeant Rabino [sic] approached you to get you . . . under control?
> A: Yes.
> Q: And you still resisted his orders to calm down, correct?
> A: Yes, I did.
> Q: And in resisting his orders he ultimately, in order to restrain you, had to mace you, pepper spray you?
> A: Yes.

(Defs.' Mot. Summ. J. Ex. 4 at 6 (emphasis added).)  Feeney's testimony that he "still resisted" when Officer Rubino appeared on the scene and that to ultimately restrain him, Officer Rubino

"had" to use pepper spray on him demonstrate there was no interruption in Feeney's struggle with Officer Defendants. Accepting the differing version of events Feeney now offers in his affidavit, which also contains notable inconsistencies with his deposition testimony, would contravene the principles of Heck. See Baer v. Chase, 392 F.3d 609, 624 (3d Cir. 2004) (permitting district courts to disregard affidavit submitted in opposition to motion for summary judgment when affidavit contradicts affiant's prior deposition testimony under "sham affidavit doctrine"); Nelson v. Jashurek, 109 F.3d 142, 146 (3d Cir. 1997) (noting Heck precludes jury verdict in plaintiff's § 1983 case inconsistent with plaintiff's criminal conviction). Furthermore, by pleading guilty and waiving self-defense, Feeney effectively admits to having used an amount of force greater than that employed by the officers. This admission necessarily implies that the force employed by Officer Powell and Sergeant Reed against Feeney was reasonable under the circumstances.

Feeney attempts to parse the sequence of events to carve out a viable Fourth Amendment claim that would not undermine his aggravated assault convictions. Nevertheless, his effort at drawing a temporal distinction flies in the face of his admissions during his plea. The cases on which Feeney relies are inapposite because the findings of fact underlying those plaintiffs' convictions allow for the possibility of episodes of excessive force that are severable from the plaintiffs' resistance or commission of an assault. See Bush, 513 F.3d at 499 (finding plaintiff's § 1983 claim not barred where in criminal trial court made no factual findings regarding how long plaintiff's resistance lasted or at what point during her arrest she was injured); Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996) (deciding excessive force claim not barred where plaintiff convicted of assaulting officers by driving a truck at them was beaten after he got out of

9

truck). The facts supporting Feeney's convictions reveal no such break in events. Although, Judge Donio relied in particular on Feeney shoving Sergeant Reed and kicking Officer Powell, the picture Feeney paints at his plea hearing is undeniably one of uninterrupted physical struggle. As a result, Feeney's convictions for aggravated assault preclude his Fourth Amendment claim.

ii.     Feeney's Conviction for Resisting Arrest

In New Jersey, a person is guilty of resisting arrest if he purposely prevents a law enforcement officer from effecting a lawful arrest. See N.J. Stat. Ann. 2C:29-2(a)(1). Feeney also pled guilty to the additional element of using or threatening to use physical force or violence. (See Defs.' Mot. Summ. J. Exs. 4, 16.)

Success on the merits of Feeney's § 1983 claim would also necessarily undermine his resisting arrest conviction. Heck gives an example of a § 1983 action whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful, addressing Feeney's situation precisely:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. (This is a common definition of that offense.) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata, the § 1983 action will not lie.

Heck, 512 U.S. at 487 n.6 (internal citations omitted). New Jersey's definition of resisting arrest is nearly identical to that cited in Heck; therefore, Feeney's Fourth Amendment claim is also precluded by his conviction for resisting arrest.[2] Consequently, this Court cannot entertain

---

[2] Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997), cited by Feeney, is distinguishable from his case. In Nelson, the Third Circuit held a § 1983 plaintiff's Fourth Amendment claim

Feeney's claim and will dismiss his complaint without prejudice. See Smith, 2000 WL 33256676, at *1 n.1 (noting Heck calls for dismissal without prejudice, allowing a plaintiff to refile suit "if he can demonstrate in the future that the conviction that might be called into question has itself been called into question in a habeas corpus petition").

### B.     Counterclaims by Sergeant Reed and Officer Powell for Assault and Battery

Sergeant Reed and Officer Powell move for summary judgment as to liability on their assault and battery counterclaims against Feeney. Feeney argues they are not entitled to summary judgment due to a lack of evidence concerning damages. Feeney argues further that Sergeant Reed and Officer Powell have not shown their injuries were caused solely by Feeney's actions.

Common law assault is an attempt to commit a battery. State v. Maier, 99 A.2d 21, 51 (N.J. 1953). Battery is an intentional tort involving the harmful or offensive touching of the plaintiff's person without his consent. Caldwell v. KFC Corp., 958 F. Supp. 962, 970 (D.N.J. 1997). Both assault and battery are dignitary torts, which do not require proof of harm to be actionable. See Perna v. Pirozzi, 457 A.2d 431, 438 (N.J. 1983) (noting that battery is an "unauthorized invasion of the plaintiff's person, even if harmless"); Kelly v. County of Monmouth, 883 A.2d 411, 419 (N.J. Super. Ct. App. Div. 2005) (observing that nominal or punitive damages have traditionally been available as a remedy for common law assault or

---

was not barred by Heck where he had been convicted of resisting arrest under Pennsylvania law. Id. at 147. Pennsylvania law provides a person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest [he] creates a substantial risk of bodily injury to the public servant . . . or employs means justifying or requiring substantial force to overcome the resistance." Id. at 145. There, the court held the jury's finding that the arresting officer was justified in using "substantial force" did not prevent a finding that the officer used force that was both substantial and excessive. Id. Given New Jersey's definition of the offense, Heck applies here, not Nelson.

battery).  Moreover, a police officer may recover damages for torts committed against him while on duty.  Ruiz v. Mero, 917 A.2d 239, 245-46 (N.J. 2007) (recognizing abrogation of "firefighters' rule," which formerly prevented police officers from recovering for injuries sustained while in line of duty).

Sergeant Reed and Officer Powell are entitled to summary judgment on their counterclaims.  During his plea hearing, Feeney admitted shoving Sergeant Reed and striking Officer Powell.  Those admissions represent undisputed issues of material fact and entitle Sergeant Reed and Officer Powell to judgment as a matter of law.  Sergeant Reed and Officer Powell have submitted no evidence on the question of damages, however.  Thus, the Court will grant summary judgment in their favor on liability, but the question of damages remains outstanding.

## IV.  CONCLUSION

Based on the foregoing reasoning, the Court will dismiss Feeney's complaint without prejudice and grant Defendants' motion for summary judgment on Sergeant Reed's and Officer Powell's counterclaims.  The case will remain open for a determination of damages on those claims.  An accompanying order shall issue today.

Dated: June 17, 2008

 s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge